IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNETH NOVAK, JR.                                                                                    PLAINTIFF

v.                        Civil No. 6:21-cv-06055

SUPERVISOR JOE JONES, Trinity
Services Group; SHERIFF MIKE
MCCORMICK, et al.                                                                                     DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to prosecute this case.

### I. DISCUSSION

On April 28, 2021, Gary M. Chambers filed a civil rights action pursuant to 42 U.S.C. § 1983 on behalf of himself and sixteen other plaintiffs. Kenneth Novak, Jr. ("Novak") was one of the sixteen plaintiffs. His claims were severed and this case opened on his behalf. Novak was alleged to have been incarcerated in the Garland County Detention Center when this action was filed.

By Order (ECF No. 2) entered on April 28, 2021, Novak was directed to file an amended complaint and an application to proceed *in forma pauperis* ("IFP"). The amended complaint and IFP application were to be filed by May 27, 2021. Novak was further advised that he had thirty days from his transfer or release to provide the Court with his change of address. Novak was advised that if he failed to comply with the Order the case "shall be subject to dismissal."

On May 26, 2021, all mail sent to Novak, including the Order (ECF No. 2) outlined above,

1

was returned as undeliverable with a notation that Novak was no longer at the facility. Novak has not contacted the Court in anyway. The Court has not had a accurate address on Novak since April of 2021.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Novak' failure to prosecute this case and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of July 2021.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE